# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 8829 | **DATE** | 11/20/2012 |
| **CASE TITLE** | Hackett v. Town of Hines, et. al | | |

**DOCKET ENTRY TEXT:**

Petitioner William N. Hackett's petition to proceed *in forma pauperis* [4] is granted. His motion [5] for appointment of counsel is granted. This Court appoints Jerrod L. Barenbaum of Hinshaw & Culbertson, 100 Park Avenue, Rockford, IL 61101, Phone No. (815) 490-4900, Email: jbarenbaum@hinshawlaw.com to represent plaintiff William N. Hackett

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

    Petitioner William N. Hackett ("Hackett") has filed a petition to proceed *in forma pauperis* with respect to the complaint he has filed against the Town of Hines, the Hines Police Department and a police officer named Logan, whose identification number is 4258. In his complaint, Hackett alleges that Logan arrested him without probable cause, searched him without a warrant or probable cause and used excessive force, all in violation of Hackett's constitutional rights. Hackett also requests that the Court appoint an attorney to represent him.

    Under 28 U.S.C. § 1915, when determining whether a petitioner may proceed *in forma pauperis*, the Court engages in a two-step analysis. First, the Court examines whether the petitioner has sufficiently demonstrated that he is impoverished within the meaning of the statute. *Nietzke v. Williams*, 490 U.S. 319, 324 (1989). In this case, the Court concludes that Hackett has sufficiently demonstrated that he is impoverished within the meaning of the statute. Hackett, a retired bus driver, collects $966.00 per month in social security retirement benefits. His only asset is a savings account that contains approximately $1000.00. The second step is for the Court to consider whether the complaint is frivolous. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Nietzke*, 490 U.S. at 324. In this case, Hackett's complaint is not frivolous. Accordingly, the Court grants Hackett's petition to proceed *in forma pauperis*.

    Next, Hackett moves for the appointment of counsel. The Seventh Circuit has explained that "indigent civil litigants have no constitutional or statutory right to be represented by counsel in federal court." *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992). The Court may, in its discretion, request counsel to represent an indigent litigant if the individual has made reasonable efforts to secure counsel and if the presence of counsel seems likely to make a difference in the outcome. *Farmer v. Haas*, 990 F.2d 319, 321-322 (7th Cir. 1993). Here, Hackett lists the names of four attorneys he contacted. Hackett states that none of these attorneys were willing to take his case and that he continues to search for an

| STATEMENT |
|---|
| attorney.  The Court finds that Hackett has made reasonable efforts to secure counsel and concludes that the presence of counsel might make a difference in this case.  Accordingly, the Court grants Hackett's motion to appoint an attorney. |