# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | **Sitting Judge if Other than Assigned Judge** | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 8829 | **DATE** | 1/7/2013 |
| **CASE TITLE** | Hackett v. Town of Hines, et. al | | |

**DOCKET ENTRY TEXT:**

Attorney Jerrod Barenbaum's motion [9, 10] for relief from appointment is denied.

■[ For further details see text below.]         Docketing to mail notices.

# STATEMENT

    Recently, the Court appointed attorney Jerrod L. Barenbaum ("Barenbaum") of Hinshaw & Culbertson in Rockford, Illinois to represent plaintiff William N. Hackett ("Hackett") in this matter.

    Barenbaum is a member of this Court's Trial Bar, which means he has an obligation to accept appointments to represent indigent litigants. Local Rule 83.11(g) ("Each member of the trial bar shall be available for appointment by the court to represent or assist in the representation of those who cannot afford to hire a member of the trial bar.").

    The Local Rule allows a judge to relieve an attorney of an appointment "only on the following grounds or on such other grounds as the appointing judge finds adequate for good cause shown:

(1) Some conflict of interest precludes counsel from accepting the responsibilities of representing the party in the action.

(2) In counsel's opinion, counsel is not competent to represent the party in the particular type of action assigned.

(3) Some personal incompatibility or a substantial disagreement on litigation strategy exists between counsel and the party.

(4) Because of the temporary burden of other professional commitments involved in the practice of law, counsel lacks the time necessary to represent the party.

(5) In counsel's opinion the party is proceeding for purpose of harassment or malicious injury,

**STATEMENT**

or the party's claims or defenses are not warranted under existing law and cannot be supported by good faith argument for extension, modification, or reversal of existing law."

Local Rule 83.38(a).

Here, Barenbaum does not base his request for relief from appointment on any of the grounds articulated in Local Rule 83.38(a). Instead, Barenbaum requests relief from appointment due to the fact that his office is in Rockford, while plaintiff Hackett lives in Chicago. Barenbaum also notes that Hackett does not have access to the internet, although he does have a telephone.

The Court concludes that Barenbaum's reason for requesting relief from this appointment does not constitute good cause for relief. Attorneys in Chicago are regularly appointed to represent litigants in Rockford, which suggests that geography is not good cause for relief. Although the Court appreciates the inconvenience that Barenbaum may experience representing a party in Chicago, the Court is aware that Barenbaum's law firm has an office in Chicago. In addition, the Court is aware that Barenbaum has recently been relieved of two appointments in Rockford and that Barenbaum has never before accepted an appointment. Under these circumstances, the geographical inconvenience does not constitute good cause for relief from the appointment.

Accordingly, Barenbaum's motion is denied. The Court thanks Barenbaum for accepting this appointment.